IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MICHAEL THOMAS RETHORE                                        PETITIONER
ADC # 169228


V.                              CASE NO. 5:19-CV-00241-BSM-JTK


DEXTER PAYNE, Director                                         RESPONDENT
Arkansas Department of Correction



**PROPOSED FINDINGS AND RECOMMENDATIONS**

INSTRUCTIONS

The following recommended disposition has been sent to United States District
Court Judge Brian S. Miller.  Any party may serve and file written objections to this
recommendation.  Objections should be specific and should include the factual or legal
basis for the objection.  If the objection is to a factual finding, specifically identify that
finding and the evidence that supports your objection.  An original and one copy of your
objections must be received in the office of the United States District Court Clerk no later
than fourteen (14) days from the date of the findings and recommendations.  The copy will
be furnished to the opposing party.  Failure to file timely objections may result in waiver
of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended that Petitioner's Petition for Writ of Habeas Corpus (DE # 2) be DISMISSED with prejudice.

## Background

Petitioner Michael Rethore, an inmate in the Arkansas Department of Correction ("ADC"), brings this petition for writ of habeas corpus under 28 U.S.C. § 2254. In 2018, Petitioner was convicted of possession of methamphetamine with intent to deliver, possession of drug paraphernalia, and simultaneous possession of drugs and firearms; he

is currently serving a sentence of eighty years.  (DE # 8-2)  Petitioner's trial counsel filed a Notice of Appeal on February 20, 2018.  (DE # 8-3)  On April 25, 2018, an Amended Sentencing Order was entered.  (DE # 8-4)  Counsel for Petitioner filed a Motion to Extend Time for Filing Appeal Transcript, which was granted by the court on June 18, 2018.  (DE 8-5)  The court ordered the appeal transcript was due no later than June 27, 2018.  *Id.* Petitioner filed a timely transcript on June 26, 2018.  (DE # 8-6)  On October 12, 2018, the State filed a Motion to Dismiss the appeal due to the Defendant's failure to file a timely brief.  (DE 8-7)  On November 28, 2018, the appeal was dismissed.  (DE # 8-9)  Petitioner filed a Motion Seeking Permission to File a Belated Appeal of Criminal Conviction and for Appointment of Appellate Counsel on March 12, 2019.  On April 3, 2019, the Arkansas Court of Appeals denied Petitioner's motion.  (DE # 8-11)

On July 29, 2019, Petitioner filed his pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (DE # 2)  The Petitioner makes two claims in his petition: (1) ineffective assistance of counsel for his appellate counsel's failure to file a brief on appeal and (2) he was denied his Fourteenth Amendment rights to appeal when the Arkansas appellate courts denied his belated appeal motion and his subsequent petition for review of the belated appeal denial.  *Id.*  Respondent filed his response on September 12, 2019, admitting that Petitioner is in his custody and there are currently no non-futile state remedies available to him.  Furthermore, Respondent argues that Petitioner is not entitled to habeas corpus relief because his claims are not cognizable in federal habeas and are procedurally defaulted.  For the reasons set forth below, it is recommended that Petitioner's claims be dismissed, and his habeas petition denied with prejudice.

3

Discussion

A. Procedural Default

Before seeking federal habeas review, a state prisoner must fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also* 28 U.S.C. § 2254(b) and (c). A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause or prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims."

Petitioner was admittedly notified on November 30, 2018, of the appellate court's dismissal of his appeal.  (DE # 2 pg. 2)  Pursuant to Arkansas Rule of Criminal Procedure 37.2(c)(ii), Petitioner had sixty (60) days from the date the mandate was issued by the appellate court to file a petition for post-conviction relief.   Petitioner never sought Rule 37 relief in state court, but instead, filed a motion seeking permission to file a belated appeal on March 12, 2019.  (DE # 8-10)  Petitioner's claim, therefore, that his counsel was ineffective for his failure to file a brief on appeal is procedurally defaulted.

"[A] state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004).  "'[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule.'" *Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  There is no "'exhaustive catalog of [the] objective impediments,'" nor have "the precise contours of the cause requirement been clearly defined." *Ivy v. Caspari*, 173 F.3d 1136, 1140 (8th Cir. 1999) (quoting *Murray*, 477 U.S. at 488). "At a minimum, however, [Petitioner] must show that 'something external to [him], something that cannot be fairly attributed to him,' caused the procedural default." *Id*. (quoting *Coleman*, 501 U.S. at 753).   Moreover, a petitioner's pro se status, lack of education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal procedure are not sufficiently external to constitute cause excusing a procedural default. *Sherron v. Norris*,

69 F.3d 285, 289 (8th Cir. 1995); *Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992); *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988). Petitioner has not established cause for the default or actual prejudice because of the alleged violation of federal law, or alleged facts showing a fundamental miscarriage of justice.

Petitioner does make mention of *Martinez v. Ryan*, in his petition; however it does not apply in this case. 566 U.S. 1 (2012). Under *Martinez,* Petitioner may establish cause to excuse default of his ineffective assistance of counsel claims because he lacked appointed counsel during the initial-review collateral process. This exception only applies to ineffective assistance of trial counsel claims, and it is not extended to ineffective assistance of appellate counsel claims. *Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014). Petitioner argues his appellate counsel was ineffective for failing to file a brief on appeal, and therefore, his procedural default is not excused by *Martinez.*

B.  <u>Non-Cognizable Claims</u>

Petitioner's second claim alleges the Arkansas appellate courts denied him his constitutional rights to a direct appeal when they denied a belated appeal and the motion to reinstate appeal. (DE # 2) It is well established that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990); *see also Pulley v. Harris,* 465 U.S. 37, 41 (1984). Instead, this Court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges,* 423 U.S. 19, 21 (1975) (*per curiam* ). The Eighth Circuit has held that errors in the interpretation and application of state law do not rise to the level of a

constitutional violation cognizable in a federal habeas petition. *Higgins v. Smith*, 991 F.2d 440, 442 (8th Cir. 1993).   Therefore, because Petitioner's argument concerns only a state law issue (*i.e.* the appellate court's application of their rules of procedure), it does not present a cognizable issue for federal habeas review.

## Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).  In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

## Conclusion

Based on the foregoing, it is recommended that the instant habeas petition (DE #2) be denied and dismissed with prejudice and that a certificate of appealability be denied.

SO ORDERED this 26th day of September, 2019.

_____
UNITED STATES MAGISTRATE JUDGE